**Cheryl J. JONES, Plaintiff–Appellee,**

v.

**JONES BROTHERS CONSTRUCTION CORPORATION, Defendant–Appellant.**

**No. 88–2833.**

United States Court of Appeals, Seventh Circuit.

Re–Submitted Aug. 1, 1989.

Decided Nov. 8, 1989.

Rehearing and Rehearing En Banc Denied Jan. 3, 1990.

---

Steven Shobat, Asst. U.S. Atty., Office of the U.S. Atty., Stephan A. Glickman, John L. Gubbins, Gubbins & Associates, Chicago, Ill., for plaintiff-appellee.

David M. Meister, Paul R. Garry, Brian W. Bulger, Katten, Muchin & Zavis, Chicago, Ill., Barbara J. Stuetzer, Katten, Muchin & Zavis, Oak Brook, Ill., for defendant-appellant.

Before WOOD, Jr., COFFEY, and FLAUM, Circuit Judges.

PER CURIAM.

This Title VII sex discrimination case brought by Cheryl Jones against her former employer, Jones Brothers Construction Corp., is before us for the second time. The facts of the suit are fully set forth in our original opinion, *Jones v. Jones*, 879 F.2d 295 (7th Cir.1989), and will not be repeated here. That opinion remanded the case to the district court for additional findings and clarification of analysis to support its judgment in favor of the plaintiff, Cheryl Jones. We retained jurisdiction of the appeal, and the district court's supplemental opinion, 716 F.Supp. 1122 (N.D.Ill.1989), issued after remand is now before us.

We note with some dismay the district court's obvious pique at our having remanded the case for further findings. In the supplemental opinion, the district court advances that the unresolved factual disputes we identified were "impliedly resolved" in its original opinion and suggests that this court misread or chose not to understand what the district court believes was a sufficiently clear articulation of the legal issues. The opinion complains that we unfairly criticized and exaggerated the deficiencies in the original ruling and failed to take into consideration the caseload demands faced by the district court and the need for speedy resolution of disputes.

While we fully recognize that a district court must strike a sometimes difficult balance between the demands for speedy dispute resolution and the need for sufficient exposition of the issues to enable appropriate appellate review to occur, it is regrettable that such a responsibility should evidence itself by way of the commentary found in the district court's supplemental opinion. District Courts and Courts of Appeals must always work in a spirit of cooperation—in the first instance, to articulate and decide the facts and legal issues so as to allow for meaningful appellate review; in remanding a case, to provide clear instructions and adequate guidance for future cases; and after remand, to willingly provide that which is needed for the just resolution of the appeal. It was against this backdrop that we issued our original opinion. Given the nature of the case, we took care to provide the district court with specific instructions and identified with particularity the areas requiring further elaboration. As the district court stated in its supplemental opinion, "[t]hat the plaintiff could not fit her proof neatly within the traditional framework made her case more

difficult" and "the unique fact pattern of this case made it a difficult one to call." It is just such a case that requires a more comprehensive and complete explanation of the factual and legal issues, so that the appellate court is not asked by both sides to read between the lines to find what is "impliedly resolved."

Based on the documents now before us, we hold that the district court's findings in support of its judgment in favor of the plaintiff are not clearly erroneous, and we therefore affirm. One of the major difficulties in this case has been the ambiguous identification of the legal framework to be applied to the dispute. The parties and court appeared to alternately treat the case as a discharge case, a hiring case, a reduction-in-force case, and a discriminatory failure to transfer case. It is now clear that the case should be analyzed as a discharge case. The plaintiff was hired as a laborer/escort, and at the time of her discharge she was still a laborer/escort. In its supplemental opinion, the district court found that although the laborer foreman informed the plaintiff that her "primary" duties would be to escort, he continued as her daily supervisor, one whom he knew was assigning her to laborer work. The court specifically found that the plaintiff was not instructed to take orders only from the general superintendent or the laborer foreman but continued, with the superintendent's knowledge, to take instructions from her daily supervisor. It follows then that when the plaintiff was fired, she was discharged as both a laborer and an escort.

Plaintiff satisfied the elements of a prima facie case of discriminatory discharge. The district court found that she was performing her laborer assignments satisfactorily, and that finding is supported by the record. The court further found that around the time of her discharge the defendant hired numerous male laborers. The defendant has not challenged that finding. The question, then, is whether the defendant's proffered reasons for the discharge were a pretext for discrimination. The defendant offered five justifications for the discharge: (1) failure to respond to radio calls; (2) leaving the premises without permission; (3) late arrivals and early departures; (4) poor job performance; and (5) personality conflicts with the other escorts. In its supplemental opinion, the district court specifically rejected as pretext the first four justifications, and we hold that these findings are supported by the record. As to the fifth justification, the district court found that conflicts between the plaintiff and the other three escorts arose because plaintiff was continuing to perform labor assignments for Rush. The court found that these personality conflicts were a legitimate reason for choosing plaintiff as the one to be removed from escorting duties when the defendant decided to reduce the number of escorts. The court found, however, that personality conflicts between the escorts were offered only as a justification for terminating the plaintiff as an escort and were not offered to explain why the plaintiff was terminated as a laborer. We find this to be a reasonable view of the record evidence. Given the additional circumstantial evidence of defendant's discriminatory motive, we find the judgment of the district court to be supported by the record, and we therefore affirm.

As a final note, we wish to underscore the importance of following the prescribed framework for analysis in employment discrimination cases. The district court was critical of this court for requiring it to provide additional legal analysis, characterizing our request as a gratuitous demand that it recite "book and verse." The frameworks established by the Supreme Court for these cases serve several purposes, not the least of which is to avoid the charges of conjecture which arose on appeal. A challenged employment decision is one of the most difficult issues with which courts must grapple, for the truth is rarely readily apparent. We therefore rely on the established frameworks for analysis so that the issues are dealt with uniformly and fairly. We recognize that a district court sitting as the trier of fact is in the best position to make the credibility determinations which usually play such a large role in these types of cases. However, for purposes of

appellate review, it is essential that the appropriate legal analysis is provided so that the appellate court, which does not have the benefit of observing the witnesses first hand, can meaningfully review the case. We therefore reiterate that the entering of adequate factual findings and appropriate conclusions of law is absolutely essential in this sensitive and difficult area.

AFFIRMED.